IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GALE ROUZER [FB-4677], | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAIVD DiGUGLIELMO, et al. | : | NO. 07-268 |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE                                                       February 22, 2007
UNITED STATES MAGISTRATE JUDGE

  Before the Court is the *pro se* petition of Gale Rouzer ("Rouzer" or "Petitioner") for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution at Graterford, Montgomery County, Pennsylvania. (Pet. at 1.)  The petition asserts that his guilty plea was not knowingly made and that trial counsel was constitutionally ineffective in various respect relating to the preparation of his defense, the entry of his plea, and sentencing issues.  (*Id*. at 9-10.)  The judgment of conviction that is under attack by Petitioner, however, was entered in Fulton County, Pennsylvania.  (*Id*. at 4.)

  A petitioner may file a habeas corpus petition in either the district court for the district where he is in custody or in the district court for the district in which he was convicted.  28 U.S.C. § 2241(d).  Two district courts may have concurrent jurisdiction if the petitioner is in custody in one district and was convicted in a different district.  *Id.*  In that instance, the district court in which the petition was filed may transfer the petition to the other "in the exercise of its discretion and in furtherance of justice."  *Id.*

  Here, Rouzer is incarcerated in this judicial district but he was convicted and was sentenced in Fulton County, which is located in the Middle District of Pennsylvania.  *See* 28 U.S.C.

§ 118(b). The claims which Rouzer presents in his habeas petition deal with the constitutionality of his conviction and sentence and the performance of his attorney. Given that the records of his conviction and appeal are located in the Middle District of Pennsylvania, that the District Attorney of Fulton County would be in the best position to respond to Rouzer's petition, and that the primary witness presumed to have knowledge relevant to the claims of attorney ineffectiveness practices in Chambersburg, Pennsylvania,[1] we believe it is in the interests of justice to transfer this petition to the Middle District.

Therefore, I make the following:

### RECOMMENDATION

AND NOW, this 22nd day of February, 2007, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be transferred to the Middle District of Pennsylvania.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[1] Rouzer's petition identifies his trial counsel as Michael Toms, Esq. (Pet. at 10.) A search of the online directory of the Disciplinary Board of the Supreme Court of Pennsylvania lists Michael Jonathan Toms as a member of the Franklin County Public Defender's Office in Chambersburg, Pennsylvania.